# IN THE COURT OF APPEALS OF IOWA

———————————————

No. 25-1450
Filed July 8, 2026

———————————————

**In the Matter of The Tracy M. Dvorak Trust Dated
September 10, 2019,**

**Jeramie L. Dvorak,**
Appellee,
v.
**Amber L. Kochevar,**
Appellant.

———————————————

Appeal from the Iowa District Court for Scott County,
The Honorable Joel W. Barrows, Judge.

———————————————

**AFFIRMED**

———————————————

Leslie Behaunek (argued), Bryce W. Tish (argued), Kevin Collins, and
David T. Bower of Nyemaster Goode, P.C., Des Moines,
attorneys for appellant.

R. Douglas Wells (argued) of Gomez May, LLP, Davenport,
attorney for appellee.

———————————————

Heard at oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Amber Kochevar appeals the district court's denial of her motion for summary judgment in Jeramie Dvorak's trust dispute. She argues that the district court erred when it concluded that (1) Iowa Code chapter 633 (2024) ("Probate Code") does not apply to trusts that are not established by court decree and (2) summary judgment was improper because Iowa Code chapter 633A ("Trust Code") does not permit the district court to release a resigning trustee from liability. Upon our review, we affirm the district court's denial of summary judgment.

## BACKGROUND FACTS AND PROCEEDINGS

Tracy Dvorak created the Tracy M. Dvorak Trust ("trust") in September 2019. Per the trust, upon Tracy's death, half of the trust property was to be distributed to Amber and the other half held in trust for Jeramie. The trust was amended in February 2020 and May 2022. The 2022 amendment, among other things, appointed Amber as co-trustee of the trust during Tracy's life and, upon Tracy's death, as sole trustee. When Tracy died in March 2023, half of the trust property was distributed to Amber, and Amber held the other half in trust for Jeramie.

The next year, Jeramie filed a petition against Amber, alleging a breach of trust pursuant to Iowa Code section 633A.4502. Amber then filed an answer, a notice invoking the court's jurisdiction, and an application to appoint a successor trustee; she expressed her intent to resign as trustee once the court appointed a successor. The court set a deadline for objections to Amber's application to appoint a successor trustee, but no beneficiaries filed an objection.

The district court accepted Amber's resignation, named Farmers Savings Bank ("FSB") as successor trustee, and stated that upon filing a final report, Amber was "released from any liability to Trust or its beneficiaries." The district court also invoked its probate jurisdiction in response to Amber's prior request as such, and it held that the trust was now under continuous court supervision.

In February, the district court set a trial scheduling conference regarding Jeramie's breach-of-trust claims against Amber. Amber also filed her final report, and, once the district court approved the report, the court made FSB's trusteeship official and released Amber from liability. Nevertheless, the district court still set a jury trial date for the breach-of-trust claims. Amber then filed for summary judgment because the district court had released her from liability to all beneficiaries, including Jeramie.

Jeramie resisted summary judgment, arguing that the district court's release of liability was impermissible as a matter of law because the Trust Code does not permit release of liability for a trustee. On this basis, Jeramie alleged that summary judgment was not appropriate and that Amber was liable for breach of trust. Amber argued that the Probate Code governed the Trust, so the court could release her from liability. The district court agreed with Jeramie, found that the Trust Code applied, and denied Amber's summary judgment motion. Amber now appeals.

## DISCUSSION

### I.    Threshold Question

Before turning to the merits of the argument, Amber contests the district court's authority to enter its August 12, 2025 order finding the trust is governed by the Trust Code and not the Probate Code despite previous

orders' use of Probate Code terms and provisions. Amber argues those prior orders were "final decrees as to the parties having notice and those who have appeared without notice." *See* Iowa Code § 633.36. And because Jeramie did not appeal within thirty days that order was final. Iowa R. App. P. 6.101(1)(b).

"A judge is not typically bound by a prior ruling that the judge later comes to believe is erroneous, and to say otherwise would result in absurd outcomes." *Sondag v. Orthopaedic Specialists, P.C.*, 33 N.W.3d 154, 158 (Iowa 2026). Here, the district court concluded in its August 12 order that its prior rulings using Probate Code principles were "contrary to law." And the district court setting aside its prior rulings precludes them from becoming law of the case. *See Simmons v. W. Life Indem. Co.*, 154 N.W. 166, 167 (Iowa 1915) ("[R]ulings, until recalled or set aside by the court, became the law of the case."). Therefore, we find the district court was within its authority to set aside its two prior orders, and we proceed to the merits.

## II. Applicable Law

Amber first argues that Iowa Code chapter 633, as opposed to chapter 633A, applies to the trust. When a district court ruling on summary judgment involves questions of statutory interpretation, our review is for correction of errors at law. *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018). If a statute is unambiguous, we only look to its plain meaning. *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020). But when there is ambiguity, we engage in statutory interpretation. *Id.* Further, courts must presume that the legislature was purposeful in drafting statutes and avoid interpreting the statute in a way that renders any word irrelevant or goes against the legislature's intent. *Rojas v. Pine Ridge Farms, L.L.C.*, 779 N.W.2d 223, 231 (Iowa 2010). We must give each word "meaningful effect" in the context of the statute. *Randolph v. Aidan, LLC*, 6 N.W.3d 304, 311 (Iowa 2024).

A trust is governed exclusively by Iowa Code chapter 633A, applied through probate court jurisdiction over "proceedings concerning the internal affairs of a trust and of actions and proceedings to determine the existence of a trust, actions and proceedings by or against creditors or debtors of a trust, and other actions and proceedings involving a trust and third persons." Iowa Code §§ 633A.1106, .6101(1). An individual with an interest in a trust who wants to bring an action or proceeding relating to the operation of the trust itself may invoke this jurisdiction at any time. *Id.* § 633A.6101(1). The Trust Code has exclusive application to trusts "that are intentionally created . . . by individuals and other entities," unless the trust is subject to continuous court supervision. Iowa Code §§ 633A.1107(2), 633A.6101(2), 633.10(4)(c).

Conversely, "[a] trust established by court decree that is subject to continuous court supervision" is governed by Iowa Code section 633.10(4)(a)(2). Provisions in the Trust Code that are not inconsistent with the Probate Code may also apply to such trusts. Iowa Code § 633.10(4)(b).

So, we are faced with the threshold issue in Iowa Code section 633.10(4): must the trust be both established by court decree *and* subject to continuous court supervision, or does continuous court supervision independently invoke the Probate Code's authority? If the former is true, a trust not created through court decree is governed exclusively by the Trust Code even if the trust is under continuous court supervision. *See id.* If the latter is true, a trust that comes under continuous court supervision at any point—not just at the time the trust is established—is subject to the Probate Code as soon as the court invokes continuous supervision. *See id.*

On the plain meaning of Iowa Code section 633.10(4), the use of "that is" indicates that "subject to continuous court supervision" modified "trust established by court decree," pointing to an interpretation that the two are both required. The same outcome occurs when applying the *Randolph* "meaningful effect" rule: by finding that continuous court supervision is alone sufficient to subject a trust to the Probate Code, effect is not given to the phrase "that is." *See* 6 N.W.3d at 311. Such interpretation would be as if the legislature used "or" in place of "that is"—however, the legislature purposely did not use "or." We must give effect to the statute's existing language and find that "subject to continuous court supervision" is a modifier of "[a] trust established by court decree," rather than the two being independent alternatives.

Next, to determine at what point court involvement is necessary for the Probate Code to apply to a trust, we must define "establish." Black's Law Dictionary defines "establish" as either to "settle, make, or fix firmly; to enact permanently" or to "make or form; to bring about or into existence." *Establish*, *Black's Law Dictionary* (12th ed. 2024). Thus, in the context of Iowa Code section 633.10(4)(a)(2), for the Probate Code to govern a trust, that trust must be brought about or made through court decree. If a trust was created independent of the courts, the Trust Code governs the trust exclusively. *See* Iowa Code §§ 633.10(4)(c), 633A.1107.

In this case, the trust was created independent of the courts. Though the trust came under continuous court supervision in January 2025, it was not established by court decree, so Iowa Code section 633.10(4)(a)(2) does not apply. So, we find Iowa Code chapter 633A exclusively governs the trust.

## III.    Summary Judgment

Amber then argues that the district court erred in denying her summary judgment motion.  Amber claims that the Trust Code does not prohibit release of liability orders, so the district court orders on that issue are final decrees which Jeramie failed to appeal.  "We review a district court ruling on a motion for summary judgment for correction of errors at law." *Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016).  "Summary judgment is appropriate only when the moving party has demonstrated there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Id*.  "In determining whether a grant of summary judgment was appropriate, we examine the record in the light most favorable to the nonmoving party, drawing all legitimate inferences that may be drawn from the evidence in his or her favor."  *Id*. at 163–64.

Iowa Code section 633.36 states that "[a]ll orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice."  Iowa Code § 633.36.  However, the Trust Code exclusively governs the trust in this case, so the Probate Code does not apply and Iowa Code section 633.36 is inapplicable.[1]  The only grounds upon which the district court could release Amber from liability, then, is if the Trust Code permits such release of liability.

When the Trust Code exclusively governs a trust, "[t]he liability for acts or omissions of a resigning trustee . . . is not released or affected by the trustee's resignation."  Iowa Code § 633A.4106(2).  So, a trustee can be held liable, even after they resign from trusteeship, for any acts or omissions—

---

[1] As of May 2026, the Trust Code includes the same statutory language at section 633A.6203(2).

including a breach of trust. *See* Iowa Code § 633A.4502. Therefore, we find the Trust Code does not permit release of liability for Amber. The district court thus did not err in finding that summary judgment was not appropriate, as there is a genuine factual dispute regarding Jeramie's breach-of-trust tort claim, and we affirm the district court's determination. Because the district court's denial of summary judgment is affirmed, there is no need to consider whether Iowa Appellate Rule of Procedure 6.101(1)(d) negates Iowa Code section 633.36, nor review any arguments regarding procedural due process.

## CONCLUSION

Because the Trust Code exclusively governs the trust in this case, and the Trust Code does not permit a resigning trustee to be released from liability, there is a genuine issue of material fact as to the breach-of-trust claim and summary judgment is not appropriate. Accordingly, we affirm the district court's denial of summary judgment.

**AFFIRMED.**